UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-21504-CIV-JORDAN/TORRES

JIM REYES,

      Plaintiff,

vs.

TRUGREEN LIMITED PARTNERSHIP,

      Defendant.

_____/

**OMNIBUS ORDER**

This matter is before the Court on Plaintiff's Motion to File Motion to Compel Out of Time [**D.E. 7**] and Plaintiff's Motion to Compel Better Responses to Plaintiff's Interrogatories and Request for Production [**D.E. 8**], as well as Defendant's Opposition to Plaintiff's Motion, and Plaintiff's Reply to Defendant's Opposition. For the reasons set forth below, the Plaintiff's motions are Granted in Part and Denied in Part.

*I. INTRODUCTION*

This is a workers' compensation retaliation action arising under Florida Statutes §§ 440.205 and 448.102. Plaintiff Jim Reyes ("Reyes" or "Plaintiff") was employed by Defendant TruGreen Limited Partnership ("TruGreen" or "Defendant") as a lawn care technician. On August 11, 2003, Reyes sustained a work-related knee injury and subsequently filed a claim for workers' compensation benefits. On December 7, 2005, Reyes sustained another work-related leg injury and once

again filed a claim for workers' compensation benefits. In his complaint, Plaintiff alleges that, after filing claims for workers' compensation for the above mentioned work-related injuries, Defendant retaliated against him by intimidating, coercing and eventually discharging him.

In order to prove his claim of retaliatory discharge, Reyes must demonstrate the presence of the following elements: (1) a statutorily protected expression; (2) an adverse employment action; (3) a causal connection between the participation in the protected expression and the adverse action. *See Russell v. KSL Hotel Corp.,* 887 So. 2d 372, 379 (Fla. 3d DCA 2004). A violation of Fla. Stat. § 440.205 is deemed an intentional tort. *See Scott v. Otis Elevator Co.,* 572 So. 2d 902, 903 (Fla. 1990). Thus, the state of mind of the tortfeasor may be relevant to the issue of liability. *See Rease v. Anheuser-Busch, Inc.*, 644 So. 2d 1383, 1387 (Fla. 1st DCA 1994).

As the discovery phase of the case proceeded, Reyes served interrogatories and a request for production of certain documents, many of which related to TruGreen's history of workers' compensation claims by other employees. The requested documents included a comprehensive list of all of TruGreen's employees injured on the job, as well as all of TruGreen's written documents in connection with those injuries. Reyes believes that the requested information is relevant in order to establish TruGreen's state of mind when it discharged Reyes.

TruGreen, however, argues that the requested documents are irrelevant to the present litigation and, instead, the main goal of the requested production is

2

simply to harass and annoy the Defendant. TruGreen further states that some of the requested documents are confidential as they pertain to other employees' employment information.

## II.   ANALYSIS

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party" or, upon a showing of good cause, "any matter relevant to the subject matter involved. . . ." Even after the 2000 amendments to Rule 26, it is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D. Ill. 2001). Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-Civ-Gold, 2001 WL 34079319 *2 (S.D. Fla. Nov. 1, 2001) (Simonton, Mag. J.).

To sustain its objections in response to the pending motions to compel, TruGreen must, therefore, show that the requested discovery has no possible bearing on the claims and defenses in this case. *See id.* (citing *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C. 1978)); *Graham*, 206 F.R.D. at 254 ("The party opposing discovery has the burden of showing the discovery is overly broad,

unduly burdensome, or not relevant."). This means that TruGreen must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure. *E.g., Giardina v. Lockheed Martin Corp.*, 2003 WL 21276348 (E.D. La. May 30, 2003).

### A. *Interrogatory No. 13: Insurance Coverage Information*

Reyes seeks the list of names of all insurance companies that provided liability coverage to TruGreen for the "incidents in question." Reyes, however, never defined which incidents he was referring to, thus leading to TruGreen's objection. This forces one to interpret the meaning of the phrase "incidents in question." That request clearly, therefore, is somewhat vague and ambiguous.

Frankly, the parties should have been able to resolve among themselves this particular definitional dispute in accordance with Rule 7.1 of the Court's Local Rules. It is unclear why TruGreen, after properly conferring, could not have provided a partial response to this request and cut to the chase. Thus, rather than sustaining the objection in its entirety, the interests of a speedy resolution of this matter require that the Court narrow the particular request to only the principal "incidents" addressed in the complaint: Reyes's leg injuries he suffered in 2003 and 2005. TruGreen shall, therefore, provide the list of all insurance companies that provided liability coverage to each person, partnership and/ or corporation who had care and control, or who had an ownership interest in the

business known as TruGreen ChemLawn, for Jim Reyes's accidents that occurred on August 11, 2003 and December 7, 2005, and shall also state the limits of each liability coverage.

### B.  *Failure To Execute Interrogatory Answers*

Plaintiff alleges that Defendant did not sign/execute the answers to his interrogatories. Rule 33(b)(2) of the Federal Rules of Civil Procedure states that "answers are to be signed by the person making them, and the objections signed by the attorney making them." Therefore, Defendant shall comply with this rule and sign and verify under oath all the answers submitted to Plaintiff's interrogatories. Again, this issue should have been addressed between the parties without court intervention. The applicable rule is clear on its face and should have been followed without much fanfare.

### C.  *Production Request No. 1:  Jim Reyes's Employee Contact Form*

Plaintiff requests the production of the reverse side of Jim Reyes' employee contact form. Plaintiff states that Defendant produced only the front page of the form which state that a "complete action plan" is "on reverse side." [D.E. 8 at 2]. Contrary to Plaintiff's assertion, Plaintiff never submitted a copy of said form with its Motion to Compel. Defendant, on the other hand, claims that the reverse side of the contract form is blank. Absent any evidence to contrary, the Court must take Defendant's representation at face value. Obviously, Defendant cannot produce documents that do not exist. If Plaintiff insists, Defendant shall be provide a verification from the client, in a form of an affidavit, that the document

5

does not in fact exist.  *See, e.g., Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 2002 WL 1162421 (D. Kan. May 30, 2002).

### D.  *Production Request Nos. 10-12: Other Claims*

Plaintiff also requests the production of all First Report of Injury or Illness forms for all of Defendant's employees who made workers' compensation claims, as well as a production of a list that would identify Defendant's employees who were injured on the job and whose workers' compensation claims were placed on a "let rest" status.  Plaintiff seeks documents for a period from January 1, 2000 through December 31, 2005.  Defendant objects, arguing that the requested documents are wholly unrelated to the issues in this lawsuit.

This is an action for damages for retaliatory discharge, intimidation and coercion due to Plaintiff's valid claim for workers' compensation benefits.  Under Florida law, testimony of fellow co-workers who were similarly situated to Plaintiff may be a relevant and valid tool to establish liability on Defendant.  *See Silvers v. O'Donnell Corp.*, 751 So. 2d 747 (Fla. 3d DCA 2000) (in a section 440.205 claim, trial court erred in not admitting testimony of defendant's three other employees, who allegedly had been fired for bogus reasons after they filed claims for workers compensation, because "similar firings under similar circumstances would be extremely relevant" to the case).

However, the Court finds the requested period of six years to be somewhat excessive and unduly burdensome to the Defendant.  Plaintiff has not set forth why such a time period is necessary in order to determine if there are relevant

6

similarly situated employees.  A production period beginning January 1, 2003 and ending December 31, 2005, will provide Plaintiff necessary information to establish examples of possible other retaliatory discharges, without unduly burdening the responding party.  If further evidence produced in discovery supports expanding this time period, Plaintiff can raise that argument at the appropriate time.

      E.    *__Production Request No. 16:  Time Cards__*

Plaintiff requests production of Jim Reyes's time sheet cards as well as other documents that show hours worked and salary earned by Plaintiff.  Defendant states that it is unable to produce the time cards because it does not keep them.  Defendant's statement is apparently contrary to a sworn statement made by TruGreen's office manager, William Charles Richards.  In a deposition taken on March 16, 2005 in connection with *Jones v. TruGreen* (Case No. 04-20855-Civ-Martinez), Richards stated that time cards are kept in his office until the end of the year and then are placed in a warehouse.  Although this sworn testimony statement is not conclusive, because it does not specify that Reyes's time cards were kept in Richards's office, it provides an evidentiary basis to require further scrutiny.

Therefore, TruGreen shall submit a sworn affidavit stating the company's policy regarding employee time cards during the relevant time periods here.  More specifically, it shall describe the location of Reyes's time cards or the form in which they were discarded.

### F.   *Production Request Nos. 13, 14, and 20*

In his production requests 13, 14 and 20, Plaintiff requests all statements prepared by Defendant regarding employees who sustained a work related injury, including any statements regarding work related accidents of Jim Reyes, Romulo Banos, and Frank Carrattini, as well as all documents and statements concerning injuries of a Defendant employee known as "Julian." Defendant contends that it has no knowledge of existence of any of such documents. As is stated earlier in this order, Defendant cannot be compelled to produce documents that do not exist. Because no evidentiary showing has been made that this representation is not accurate, the Court will simply deny the motion as to these requests. In the event future discovery or depositions evidence that this representation was inaccurate, then Plaintiff can raise the issue again through a motion for sanctions.

Note, however, that if any clarification is necessary for this representation, and to avoid any sanctions down the road, TruGreen should promptly provide that clarification to Plaintiff in the form of an affidavit from the client representative.

### III.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED**:

A.   Plaintiff's Motion to File Motion to Compel Out of Time [D.E. 7] is hereby **GRANTED**.

B.   Plaintiff's Motion to Compel Better Responses to Plaintiff's Interrogatories and Request for Production [D.E. 8] is hereby **GRANTED in PART** and **DENIED in PART** as follows:

        1.     Plaintiff's Motion to Compel Response to Interrogatory number 13 is **GRANTED in PART**.  Defendant shall provide the list of all insurance companies which provided liability coverage to each person, partnership and/or corporation who had care and control, or who had an ownership interest in the business known as TruGreen ChemLawn, in connection with Jim Reyes's accidents or injuries that occurred on August 11, 2003 and December 7, 2005, and shall state the limits of each liability coverage.

        2.     Plaintiff's Motion to Compel Execution of Interrogatory Answers is **GRANTED**.  Defendant shall verify and sign all the answers submitted to Plaintiff's interrogatories pursuant to Rule 33.

        3.     Plaintiff's Motion to Compel Production Request Number 1 is **DENIED**.  Defendant shall, however, verify the non-existence of the document by sworn affidavit.

        4.     Plaintiff's Motion to Compel Production Request Number 10-12 is **GRANTED in PART** and **DENIED in PART**.  Defendant shall produce all First Report of Injury or Illness forms for all of its employees who made workers' compensation claims, as well produce a list of that would identify its employees who were injured on the job and whose workers' compensation claims were placed on a "let rest" status, from January 1, 2003 through December 31, 2005.

        5.     Plaintiff's Motion to Compel Production Request Number 16 is **GRANTED in PART** and **DENIED in PART**. Defendant shall submit a sworn

9

affidavit describing the location of Jim Reyes's time cards or the method in which they were discarded.

      6.      Plaintiff's Motion to Compel Production Request Number 13, 14 and 20 is **DENIED**.

      7.      All supplemental responses or affidavits required by this Order shall be provided within twenty (20) days of this date.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of October, 2006.

_____
EDWIN G. TORRES
United States Magistrate Judge